### WAIVER OF TORT BY FORM OF PLEADING.

[Circuit Court of Scioto County.]

WILLIAM KIRCHNER v. LLOYD E. SMITH.

Decided, June, 1905.

*Pleading—Amended Petition States New Cause of Action, When— Waiver of Tort—By Suit on Implied Contract—Election—Statute of Limitations.*

1. An amended petition does not state a new and independent cause of action from that in the original petition, (a) when the same evidence would prove either cause of action; (b) when the measure of recovery is the same on each cause of action; and (c) when a recovery upon the cause of action in the amended petition would bar a recovery on the original petition.
2. When a plaintiff, in his pleading, waives a tort, committed by the defendant, which consisted of the conversion of money that belonged to the plaintiff, and he sues upon an implied contract, his action is barred in six years from the time the defendant received the money, and not in four years from that time.
3. Notwithstanding the plaintiff used language in his pleading which would be appropriate to describe a tort, if he sues, not for damages but for money actually received by the defendant and belonging to the plaintiff and for no more, it is a waiver of the tort and an election to sue upon the implied contract.

WALTERS, J.; CHERRINGTON, J., and JONES, J., concur.

In the common pleas court, the plaintiff in error, William E. Kirchner, filed against Lloyd E. Smith, the defendant in error,

a petition; to which a demurrer was sustained by that court; subsequently he filed an amended petition, to which a demurrer was interposed by the defendant, and in determining this demurrer in favor of the defendant, it was held that the action, both on the original and amended petition, was barred by the four years' statute of limitations; and thereupon the plaintiff filed a petition in error in this court.

Was there error in this decision of the common pleas court? If the four years' statute (Section 4982, Revised Statutes) applies, then the action was not brought in time; but if the six years' statute (Section 4981) applies, then it was brought in time.

The original petition below was upon an account for one-half of the purchase price of the undivided one-twelfth interest in an oil and gas lease on a tract of 105 acres of land, situated in Tyler county, West Virginia, and belonging to Elisha P. Snyder; which said one-twelfth interest was owned by the said Smith and Kirchner, each owning one-half thereof, and was on the 10th day of October, 1897, sold by said Smith for $1,151.04; and said Smith then received and converted to his own use the whole of said purchase money, including $575.52, which belonged to plaintiff in error; the interest on said $575.52 from October 18th, 1897, till September 15th, 1902, is $177.95, and the total is $753.99. There are no credits on said account.

Wherefore, plaintiff prayed for judgment against the defendant in the said sum of $753.99, with interest thereon from the 15th day of September, 1902.

The amended petition sets up the same transaction: the ownership of the lease by the plaintiff and the defendant, each owning one-half of the undivided one-twelfth of the oil and gas lease and described the land more particularly by metes and bounds, but as being situated in the same county, and the same number of acres; and it avers that in October, 1897, the defendant wrongfully sold and converted to his own use the proceeds of the sale, $1,151.04, and it asks judgment for the one-half of the proceeds of the sale so received by the defendant.

(1). The first contention is, that the amended petition states a different cause of action than that in the original petition; that

the identity of the cause of action stated in the original petition is not the same as that described in the amended petition. The original petition, in form, was upon the account so stated. The consideration of the account is the one-half of the one-twelfth of the oil and gas lease in Tyler county, West Virginia, upon a tract of 105 acres of land, which one-twelfth the defendant sold on a certain day, and that he received $1,151.04, and that he has refused to turn over the one-half; and he asks judgment in money for the one-half of that.

The amended petition states the same facts in a little more elaborate manner, describing particularly by metes and bounds the 105 acres as being situated in Tyler county, West Virginia, and that each of them (plaintiff and defendant) was the owner of the one-half of the one-twelfth of this oil and gas lease, and that the defendant on a certain date, 1897, the 10th of October, sold, with his own, this interest of plaintiff, and that defendant had, and received $1,151.04; and the plaintiff asks judgment for the one-half of the proceeds so received by Smith.

There is a complete identity of the causes of action. There is no departure—if departure it can be called—which is usually a term applied to where the reply of the plaintiff departs from the cause of action stated in the petition.

But it is alleged that there is a different cause of action. And whether or not there is a different cause of action is to be determined by certain tests.

First. The same evidence would support both pleadings. The same evidence that would support the original pleading in this case would support the cause of action in the amended petition. The petitioner owned the one-half of the one-twelfth of the oil and gas lease in Tyler county, West Virginia, upon 105 acres of land; the defendant sold the whole twelfth, the 10th of October, 1897, and converted one-half of the proceeds—money—to his own use; and the plaintiff demands the one-half of that certain sum so received—the proceeds of the sale. Now, would not the same evidence support the amended petition that would support the original petition? Is not the identity of the cause of action the same in regard to the one-half of the one-twelfth of the oil and gas lease on 105 acres, in Tyler county, West Virginia?

The amended petition says that same thing. The same evidence that would be introduced to support a cause of action upon the account in the petition would be, and could be, the only evidence that could be introduced upon the amended petition. This makes an identity of the causes of action.

Second. The same measure of damages applies to each of them. The same amount was asked in the amended as in the original petition, viz., one-half of the $1,151.04. The identity is therefore complete; and the recovery would be the same on each pleading.

Third. A recovery upon the amended petition would bar a recovery upon the other pleading. Would not a recovery on the amended petition of the one-half of the one-twelfth of an oil and gas lease of the proceeds of that sale—bar the right to recovery upon the original petition which counts upon the same thing? Therefore, the identity of the causes of action is the same. It is the same subect matter, and the same interest in the gas and oil lease, owned by the same parties; the same proprietors, in the same tract of land, in the same county, are averred, and the same amount is asked in both. Therefore, we must necessarily conclude that the identity of the causes of action is the same. The form of action is perhaps changed from that on the account in the original petition of that of money had and received in the amended petition; but this is an immaterial difference.

(2). Is the cause of action barred by the statute of limitation? Is the cause of action stated in the petition and also the one stated in the amended petition a cause of action in *ex delicto*, and not on implied contract? If it is upon an implied contract, the statute of limitation is six years, and therefore the action is not barred. If the action is for a tort, then the statute of limitation of four years bars this action.

We hold that the amended petition, being for the same identical cause of action as the original petition, that the statute of limitation ceased to run at the filing of the petition in this case, and not at the filing of the amended petition. But does the statute, four years' statute, or the six years' statute, apply?

When one person receives the property of another, if he illegally and unlawfully or wrongfully obtains the property of another, the law implies an obligation upon his part that he will refund to the owner that property so unlawfully coming into his possession. Therefore, there arose an implied contract on the part of the defendant when he sold this oil and gas lease for $1,151.04, and received the whole of it, if the half of it belonged to the plaintiff in this case—there was an implied obligation upon the part of the defendant—to pay over to the plaintiff one-half of the sum so received by him.

(3). Now, it is true, that the plaintiff might have sued as in tort, and the question is, whether the petition and amended petition is one in tort, or whether it is upon an implied contract? And that is to be determined from the language of the amended petition. The amended petition does allege the fact of the sale of the oil and gas lease by the defendant; that he wrongfully and unlawfully converted the one-half of the proceeds belonging to the plaintiff to his own use; but the plaintiff does not seek damages by reason of the unlawful conversion of his property. He seeks in this case to recover one-half of the proceeds of the sale made by the defendant, and not to recover damages— whether those damages be the amount of the proceeds received by him, or more or less; but he seeks to recover the actual money that the defendant received. This is money that the defendant owes upon this implied obligation, which the law raises in this case.

(4). It is true there is language used in this petition that would apply to a tort. Now, where a party has a right of action which he may bring either in tort, or in *ex contractu*, he may waive tort and bring an action upon contract, and the only question is, whether the plaintiff has done so. We are clearly of the opinion that he has.

In *Mount v. Lakeman*, 21 O. S., 643, the action was brought against the treasurer of a certain township to recover funds which he had converted to his own use. The petition alleged that he received the money sued for, and that it became his official duty to distribute and pay over the money according to law; that he failed to do so, but converted the same to his own

use, and that was held to be an action *ex contractu,* and not one *ex delicto.*

Judge Ranney, in *State* v. *Newman,* 2 O. S., 568, while not deciding the exact question—it not being necessary to do so in passing upon the question that arose in that case, for it was an action upon a bond of the treasurer—held:

"A refusal to pay over money received in his official capacity, when demanded, is a failure to perform his official duty, and a non-feasance in office; and it is certain that an action upon the case, founded upon the tort, could not be sustained after one year. But it is equally certain, that the plaintiff might, if he saw fit, waive the tort and sue in assumpsit, for money had and received, at any time within six years."

Now, we think it clearly appears from this petition and the amended petition that the action is not in tort. It is not for damages for the unlawful conversion of this property. The plaintiff seeks not more or less than the amount received by the defendant. He seeks to recover the money actually received by the defendant; the money which the law raises an implied promise that he should pay to him. And it is distinguishable in that feature from an action for a tort. While the language used in the pleading is that he "wrongfully converted," "unlawfully converted" (and it is an actual fact, that he did unlawfully and wrongfully convert the same, if the petition is true), and while the plaintiff sets out that, by reason of this, he is entitled to the actual money received, still he does not sue for damages for the conversion; he sues for the money which he says belongs to him and which the defendant received and converted to his own use, and no more. This is the distinction in all the books which determines whether it is a tort, or whether it is one upon contract; and the plaintiff's pleadings show that his action is of the latter kind.

We, therefore, are clearly of the opinion that the six years' statute of limitation applies, because it is a petition upon an implied contract for the proceeds of the sale, and we adjudge, therefore, that the common pleas court erred in sustaining the demurrer to the amended petition.

The judgment will be reversed and instruction given to the court of common pleas to overrule the demurrer to the amended petition.

*Holcomb & Miller,* and *Pugh & Pugh,* for plaintiff in error.

*G. M. Osborne,* for defendant in error.